UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ORIGINAL

- - - - - - - - - - - - - - - - - - - X
                                       :
UNITED STATES OF AMERICA               :
                                       :   **SUPERSEDING**
        - v. -                         :   **INFORMATION**
                                       :
DAVID R. PIKE,                         :   S11 17 Cr. 630 (ER)
                                       :
              Defendant.               :
                                       :
- - - - - - - - - - - - - - - - - - - X

### COUNT ONE
### (Conspiracy to Commit Bank Fraud)

The United States Attorney charges:

1. From at least in or about 2016 through in or about 2018, in the Southern District of New York and elsewhere, DAVID R. PIKE, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit bank fraud, in violation of Title 18, United States Code, Section 1344.

2. It was a part and object of the conspiracy that DAVID R. PIKE, the defendant, and others known and unknown, willfully and knowingly, would and did execute and attempt to execute a scheme and artifice to defraud a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation ("FDIC"), and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institution, by

means of false and fraudulent pretenses, representations, and promises, to wit, PIKE and others misrepresented and omitted material facts to banks and other financial institutions worldwide to cause those financial institutions, including FDIC-insured financial institutions in the United States, to transfer funds into and out of accounts associated with purported investment funds operated by PIKE and others, in violation of Title 18, United States Code, Section 1344.

## Overt Acts

3. In furtherance of said conspiracy and to effect the illegal object thereof, the following overt acts, among others, were committed and caused to be committed in the Southern District of New York and elsewhere:

    a. In or around June 2016, a co-conspirator not named herein misrepresented material facts to an FDIC-insured bank in Manhattan, New York (the "Manhattan Bank") and thereby caused the Manhattan Bank to transfer approximately $5 million into a purported investment fund operated by DAVID R. PIKE, the defendant, and others.

    b. On or about August 9, 2016, PIKE sent an email to co-conspirator Mark S. Scott, stating, "They are going to make a move too soon and send up flags that will disrupt the delicate process of attempting to scrub Ruja [Ignatova] i[f] they keep

this up. You are playing a very delicate game quite well, I am impressed."

    c. On or about December 4, 2018, PIKE made false statements during a meeting with federal law enforcement agents, when PIKE falsely stated, in sum and substance, that PIKE was not aware that approximately $400 million transferred into purported private equity funds that PIKE helped to manage was derived from an international multi-level marketing scheme known as "OneCoin" or belonged to Ruja Ignatova, the leader of that scheme, when in truth and in fact, PIKE was aware that the money belonged to Ruja Ignatova and that it was derived from the OneCoin multi-level marketing scheme.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATION**

    4. As a result of committing the offense alleged in Count One of this Superseding Information, DAVID R. PIKE, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any and all property constituting, or derived from, proceeds obtained directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Asset Provision

5. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

        (Title 18, United States Code, Section 982;
    Title 21, United States Code, Sections 853; and
     Title 28, United States Code, Section 2461.)

*[signature]*
GEOFFREY S. BERMAN
United States Attorney
Southern District of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAVID R. PIKE,

                Defendant.

## SUPERSEDING INFORMATION

S11 17 Cr. 630 (ER)

(18 U.S.C. § 371.)

GEOFFREY S. BERMAN
United States Attorney.