```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
                  ------------------------------x

                  UNITED STATES OF AMERICA,

                           v.                          17 Cr. 630 (ER)

                  DAVID R. PIKE,

                                    Defendant.

                  ------------------------------x
                                                       New York, N.Y.
                                                       February 6, 2020
                                                       2:30 p.m.

                  Before:

                                 HON. EDGARDO RAMOS,

                                                       District Judge

                                      APPEARANCES

                  GEOFFREY S. BERMAN
                       United States Attorney for the
                       Southern District of New York
                  BY:  NICHOLAS FOLLY
                       JULIETA V. LOZANO
                       Assistant United States Attorneys

                  RASKIN & RASKIN, P.A.
                       Attorneys for Defendant
                  BY:  MARTIN R. RASKIN
                       JANE S. RASKIN
```

1           (Case called)

2           THE DEPUTY CLERK:  Counsel, please state your name for
3  the record.

4           MR. FOLLY:  Good afternoon, your Honor.  Nicholas
5  Folly and Julieta Lozano on behalf of the United States.

6           MR. RASKIN:  Good afternoon, your Honor.  Martin
7  Raskin on behalf of Mr. Pike, who is present in court.  And
8  also with me is Jane Raskin, also counsel for Mr. Pike.

9           THE COURT:  Good afternoon to you both.

10          Mr. Folly, what are we doing?

11          MR. FOLLY:  Yes, your Honor.  The defendant was
12 originally charged in a complaint and that's what he is
13 currently charged on.  The parties since that time have been
14 trying to negotiate actually a pre-indictment disposition to
15 the case.  At this point we are nearing an agreement on a plea
16 agreement wherein the defendant would plead to the count that
17 is charged in the superseding information.

18          So at this point the defendant is prepared today to
19 waive indictment on the information that is labeled S11 and is
20 in front of your Honor, and we just ask at this stage to set a
21 control date for the plea proceeding approximately four weeks
22 out.  The parties just need a little bit more time, but the
23 defendant is prepared to go forward with the plea.  And we just
24 ask that we be able to communicate with your deputy about an
25 appropriate date.  We can set a control date for now, and then

1  if we need to modify it, we will reach out to the Court by
2  letter to do that.
3              THE COURT:  So that I am clear, the letter that I have
4  is purely an offer.  I do have a letter that purports to be a
5  plea agreement from Mr. Folly's office.
6              MR. FOLLY:  That is correct, your Honor.  It's merely
7  an offer at this stage, but the parties are continuing to have
8  discussions about it.  It may be that it changes slightly from
9  the form that it is currently in before the defendant is
10 prepared to actually enter into it.
11             THE COURT:  So we are just waiving indictment today.
12             MR. FOLLY:  That's correct.
13             THE COURT:  Mr. Raskin.
14             MR. RASKIN:  Yes, sir.
15             THE COURT:  Is that your understanding of what is
16 happening today?
17             MR. RASKIN:  It is.
18             THE COURT:  Thank you.
19             Mr. Pike, your attorneys have advised me that you are
20 willing at this point to waive -- you can remain seated -- to
21 waive indictment to a felony charge.  That's a very important
22 decision.  You would be giving up some very important rights in
23 order to do that.  So I just want to make sure that you have
24 had an adequate opportunity to speak with your attorneys about
25 this decision and that the decision is being made knowingly by

1  you with an understanding of all the rights that you are giving
2  up.  OK?
3           THE DEFENDANT:  Yes, sir.
4           THE COURT:  In order to make sure that that is the
5  case, I am going to ask you a series of questions, and it's
6  vitally important that you be absolutely truthful so I am going
7  to have you placed under oath.  OK?
8           THE DEFENDANT:  Yes.
9           (Defendant sworn)
10          THE COURT:  Sir, you may be seated.
11          You are now under oath and I want you to understand
12 that if you answer any of my questions falsely, your answers
13 could be used against you in a prosecution for perjury or for
14 making a false statement.
15          Do you understand that?
16          THE DEFENDANT:  Yes, sir.
17          THE COURT:  So I am going to ask you a series of
18 questions.  If I ask you a question and you don't understand
19 it, simply tell me that and I will rephrase it.  If I ask you a
20 question and you wish to speak with your attorneys before you
21 answer, just let me know that and I will accommodate you.  OK?
22          THE DEFENDANT:  All right.
23          THE COURT:  We are going to start with some background
24 questions.
25          Could you please tell me, what is your full name?

|   |   |
|---|---|
| 1 | THE DEFENDANT: David Russell Pike. |
| 2 | THE COURT: How old are you, sir? |
| 3 | THE DEFENDANT: 60. |
| 4 | THE COURT: How far did you get in school? |
| 5 | THE DEFENDANT: I have some college. |
| 6 | THE COURT: Are you able to read and write in English? |
| 7 | THE DEFENDANT: I am. |
| 8 | THE COURT: Are you now or have you recently been |
| 9 | under the care of a doctor or a psychiatrist? |
| 10 | THE DEFENDANT: No, sir. |
| 11 | THE COURT: Have you ever been treated or hospitalized |
| 12 | for any mental illness or any type of addiction, including drug |
| 13 | or alcohol addiction? |
| 14 | THE DEFENDANT: No, sir. |
| 15 | THE COURT: In the last 24 hours, have you taken any |
| 16 | drugs, medicine or pills, or have you consumed any alcohol? |
| 17 | THE DEFENDANT: Yes, sir. |
| 18 | THE COURT: Tell me about that. What have you taken |
| 19 | over the last 24 hours? |
| 20 | THE DEFENDANT: I had wine with dinner yesterday. |
| 21 | THE COURT: How are you feeling today? Is your mind |
| 22 | clear today? |
| 23 | THE DEFENDANT: Yes. |
| 24 | THE COURT: Does wine affect your ability to remember |
| 25 | or to think? |

1    THE DEFENDANT:  No, sir.
2    THE COURT:  Are you feeling well enough to proceed and
3    to understand what is going on here today?
4    THE DEFENDANT:  Yes, sir.
5    THE COURT:  Mr. Pike, your attorneys have informed me
6    that you wish to waive indictment.  Is that correct?
7    THE DEFENDANT:  Yes, sir.
8    THE COURT:  Sir, have you had a full opportunity to
9    discuss that decision with your attorneys?
10   THE DEFENDANT:  Yes, sir.
11   THE COURT:  Are you satisfied with your attorneys and
12   their representation of you?
13   THE DEFENDANT:  Yes, sir.
14   THE COURT:  Does either counsel have any doubt as to
15   Mr. Pike's competence to waive indictment at this time?
16   MR. FOLLY:  No, your Honor.
17   THE COURT:  On the basis of Mr. Pike's responses to my
18   questions and my observations of his demeanor, I find that he
19   is fully competent to waive indictment at this time.
20        Sir, have you received a copy of the superseding
21   information?
22   THE DEFENDANT:  Yes, sir.
23   THE COURT:  Did you discuss the information with your
24   attorneys?
25   THE DEFENDANT:  Yes, sir.

K268PIKC

1    THE COURT:  Do you understand that that document is
2    called a felony information?
3    THE DEFENDANT:  I'm sorry, sir?
4    THE COURT:  Do you understand that that document is
5    called a felony information?
6    THE DEFENDANT:  I do, sir.
7    THE COURT:  Do you understand that the information was
8    issued by the United States attorney in this district,
9    Mr. Geoffrey Berman?
10   THE DEFENDANT:  I do.
11   THE COURT:  And because the charges against you in
12   that information are serious charges, indeed, it is a felony,
13   you have a constitutional right to require the government to
14   present evidence to a grand jury to see whether the grand jury
15   would vote to charge you with that crime.
16   Do you understand that?
17   THE DEFENDANT:  Yes, sir.
18   THE COURT:  Do you understand that a grand jury is a
19   group made up of at least 16, but not more than 23 citizens
20   from this district, and that at least 12 of them would have to
21   agree that there was probable cause to believe that a crime was
22   committed and that you committed that crime before you could be
23   indicted?
24   THE DEFENDANT:  Yes, sir.
25   THE COURT:  Do you understand that if the grand jury

1  voted to charge you, the document they issue would be called an
2  indictment, and it would be signed both by the foreperson of
3  the grand jury and by the United States attorney?
4              Do you understand that?
5              THE DEFENDANT:  Yes, sir.
6              THE COURT:  Mr. Pike, do you wish to give up your
7  right to have your case presented to the grand jury?
8              THE DEFENDANT:  I do, sir.
9              THE COURT:  Did you discuss that decision thoroughly
10 with your lawyers?
11             THE DEFENDANT:  Yes, sir.
12             THE COURT:  Now, sir, I have been provided with a
13 document known as a waiver of indictment, which has today's
14 date, and it purports to have your signature as well as that of
15 your attorney, one of your attorneys.
16             So I just want to hold that up.  Can you see that from
17 where you are seated?
18             THE DEFENDANT:  Yes.
19             THE COURT:  Is that your signature on this document?
20             THE DEFENDANT:  Yes.
21             THE COURT:  When you signed this document, did you
22 sign it voluntarily?
23             THE DEFENDANT:  Yes, sir.
24             THE COURT:  Before you signed it, did you discuss this
25 decision thoroughly with your lawyers?

1           THE DEFENDANT:  Yes, sir.
2           THE COURT:  Very well.  This document will be marked
3    as Court Exhibit 1.
4           When you signed it, Mr. Pike, did you understand that
5    you were acknowledging your willingness to give up your right
6    to be charged by the grand jury?
7           THE DEFENDANT:  Yes, sir.
8           THE COURT:  Did anyone threaten or force you to give
9    up that right?
10          THE DEFENDANT:  No, sir.
11          THE COURT:  Very well.  I find that Mr. Pike has
12   knowingly and voluntarily waived his right to be indicted by a
13   grand jury and the information will be accepted for filing.
14          Mr. Raskin, do you wish me to read the superseding
15   information?
16          MR. RASKIN:  No.  We will waive a reading, your Honor.
17          THE COURT:  Very well.  Mr. Pike, do you understand
18   that you are charged in this superseding information with one
19   count of bank fraud?
20          THE DEFENDANT:  I do, sir.
21          THE COURT:  Mr. Folly, do you wish me to ask any
22   additional questions?
23          MR. FOLLY:  No, your Honor.
24          THE COURT:  Mr. Raskin or Ms. Raskin, do you wish me
25   to ask any additional questions?

1           MR. RASKIN:  No, your Honor.

2           THE COURT:  In that event, what else can we do today?

3   Do we have a date to come back?

4           MR. FOLLY:  Your Honor, just two requests from the

5   government.  We would request just scheduling a control date,

6   that is, four weeks from today, March 5, for the plea

7   proceeding, with the understanding that we will reach out to

8   your Honor's deputy to adjust that date depending on the

9   parties' schedules and whether we are ready at that point to go

10  forward.

11          The other only two requests are that the government

12  moves to exclude time between now and that control date on

13  March 5 in the interests of justice so that the parties can

14  finalize a pretrial disposition in this matter.  I understand

15  that defense counsel consents to that request.  And we would

16  also just ask that the production of discovery be stayed for

17  now at least until that date.

18          THE COURT:  Very well.  Mr. Raskin, are you available

19  on March 5?

20          MR. RASKIN:  I don't know.  Probably.  I had my

21  electronics taken away at the door so I will have to check.

22  Let's do that, and if it's a problem, I will let the Court

23  know.

24          THE COURT:  Very well.  More importantly, was that

25  date cleared with Ms. Rivera?

1     MR. FOLLY:  It has not been.  I am putting that there
2  because it's four weeks from today, but I understand that the
3  Court may have other obligations.
4     THE COURT:  We will put it down for March 5.  And for
5  lack of a better time, we will put it down for 2:30 on March 5.
6     MR. RASKIN:  One more thing, your Honor.  Mr. Pike is
7  on bond, and we understand that bond carries over.  We have
8  discussed with the government extending his bond.  Right now he
9  is restricted to the Southern District of Florida and the
10 District of Massachusetts for business and the Eastern and
11 Southern Districts of New York for court.  I would like to ask
12 that it be extended to the Middle District of Florida with
13 advance notice to pretrial services.
14    THE COURT:  Any objection?
15    MR. FOLLY:  No, your Honor.
16    THE COURT:  Very well.  So your bond can be extended
17 to the Middle District of Florida.
18    On the question of speedy trial, Mr. Raskin.
19    MR. RASKIN:  I was under the impression it didn't
20 start until after he was arraigned.  If not, we will waive.
21    THE COURT:  Actually, I should arraign him on the
22 information.
23    MR. FOLLY:  Yes, your Honor.
24    THE COURT:  How do you plead to the information,
25 guilty or not guilty?

1     MR. RASKIN:  Not guilty.
2     THE COURT:  Very well.  Anything else that we need to
3  do in that regard, Mr. Folly?
4     MR. FOLLY:  No, your Honor.
5     THE COURT:  On the question of speedy trial, sir.
6     MR. RASKIN:  We waive.
7     THE COURT:  Very well.  So I will exclude the time
8  between now and March 5 under the speedy trial clock.  I find
9  that Mr. Pike's interests outweigh the interests of the public
10 in a speedy and public trial for the reasons set forth on the
11 record by Mr. Folly.  That time will be excluded, and I will
12 depend on the government to reach out to chambers to let us
13 know at what time we can conveniently meet again for purposes
14 of the plea.
15     Anything else that we can do today, sir?
16     MR. FOLLY:  Not from the government, your Honor.
17     THE COURT:  Mr. Raskin.
18     MR. RASKIN:  Nothing else, your Honor.
19     THE COURT:  In that event, we are adjourned, and we
20 will see you in March.
21     Here is your original waiver and the superseding
22 information.
23     Thank you, folks.
24     (Adjourned)
25